**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ELMER DWAYNE GUINN,
ADC #150488**                                                                                    **PLAINTIFF**

V.                              **CASE NO. 5:15-CV-00332 JLH/BD**

**ARKANSAS DEPARTMENT OF
CORRECTION, et al.**                                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

    A.    Background

Plaintiff Elmer Dwayne Guinn, an inmate at the Cummins Unit filed this pro se under 42 U.S.C. § 1983.  (Docket entry #2)  In his complaint, Mr. Guinn raises a

deliberate-indifference claim against Defendant Wilson. (#2) Specifically, Mr. Guinn alleges that on September 23, 2015, he received a "one arm restriction," and on that same day Defendant Wilson, disregarded the restriction and ordered Mr. Guinn to use his arm to pick vegetables. (#2, #5) In his amended complaint, Mr. Guinn adds corrective-inaction claims against Defendants Straughn, James, and Socia. (#5)

Defendants have moved for summary judgment, asking that the claims against them be dismissed based on Mr. Guinn's failure to completely exhaust the administrative process prior to filing this lawsuit. (#19) Mr. Guinn has responded. He asks the Court not to dismiss his case because his medical restriction is still being disregarded. (#22)

For the reasons set forth below, the Defendants' motion for summary judgment (#19) should be GRANTED.

B.   Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion

was not completed at the time of filing, dismissal is mandatory"). An inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

C.  Facts

On October 1, 2015, Mr. Guinn submitted the one grievance that relates to the allegations contained in his complaint, that is grievance CU-15-01960. (#19, Ex. C & D) In that grievance, Mr. Guinn complained that he received a medical restriction that was not being honored by Defendant Wilson. Staff responded indicating that Mr. Guinn's medical restrictions had been honored.

Mr. Guinn appealed to the warden. On October 20, 2015, the grievance coordinator received Mr. Guinn's appeal, and gave Mr. Guinn notice that the warden would address his appeal by November 18, 2015. (#19, Ex. C) On that same day, Mr. Guinn filed the complaint that initiated this lawsuit. (#2)

On November 4, 2015, the warden affirmed grievance CU-15-01960, finding that it was without merit. Mr. Guinn appealed the warden's response to the director on November 16, 2015. On January 4, 2016, the director responded in writing, finding the grievance CU-15-01960 to be without merit. (#19, Ex. C & D)

In order for Mr. Guinn to fully exhaust his administrative remedies, he was required to submit an informal grievance, submit a formal grievance, appeal an

unfavorable decision to the warden, an appeal the warden's unfavorable decision to the director, and receive a response from the director.[1]  (#19, Ex. A, part IV & D)

D.  Discussion

Here, Mr. Guinn's receipt of the written decision from his appeal to the director on January 4, 2016 marked the end of the grievance process.  Accordingly, Mr. Guinn's administrative remedies were not exhausted until after he filed this lawsuit.

Mr. Guinn argues that he continues to be assigned to the hoe squad, which requires him to use his arm, in spite of his medical restriction.  (#22)  Even so, exhaustion of administrative remedies is mandatory.  Absent exhaustion, the Court lacks jurisdiction to address the merits of Mr. Guinn's complaint.  Nothing precludes Mr. Guinn, however, from filing another lawsuit now that his administrative remedies have been exhausted.

**III.  Conclusion:**

The Court recommends that Mr. Guinn's claims against the Defendants be DISMISSED, without prejudice.

DATED this 27th  day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] According to the policy, the director's response is the end of the grievance process.  (#19, Ex. A, part IV, sctn. G)